# EXHIBIT A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
LABOR BUREAU

April 11, 2018

<u>*Via email (foiarequest@dol.gov)*</u>

Office of the Secretary
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Wage and Hour Division
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Office of the Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Office of the Assistant Secretary for Policy
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Office of Congressional &
  Intergovernmental Affairs
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210

Re:   <u>Freedom of Information Act Request</u>

Dear FOIA Officer:

To better understand how the U.S. Department of Labor (USDOL) developed and implemented its new Payroll Audit Independent Determination (PAID) Program, the Office of the Attorney General of the State of New York makes the following request for records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the Department of Labor implementing regulations, 29 C.F.R. Part 70.

1

**Requested Records:**

The Office of the Attorney General requests that the Department produce the following within twenty business days:

1. All records concerning the development, implementation, consideration, or evaluation of the PAID Program, including without limitation documents concerning the following:

    a. the need for and goals of the PAID Program;

    b. the impact of the PAID Program on employers, workers, and litigants seeking to vindicate their rights under labor laws;

    c. the determination not to seek liquidated damages, civil monetary penalties, and interest as part of the PAID Program;

    d. whether and how the PAID Program will require employers to pay employees at any applicable higher state minimum wage or overtime wage rates or to pay wages owed during longer state statute of limitations periods;

    e. whether and how the PAID Program will determine whether a participating employer is being investigated by state labor enforcement agencies or state attorneys general; and

    f. whether any releases required of any worker receiving unpaid wages under the PAID Program would purport to waive an employee's ability to recover back wages, damages, and other relief available under state law.

2. All records reflecting any meetings, internal or external, concerning the development, implementation, consideration, or evaluation of the PAID Program, including without limitation the following:

    a. meeting agendas and lists of attendees;

    b. communications sent in preparation for or following any such meetings; and

    c. calendar entries. For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar used to track or coordinate how these individuals allocate their time on agency business.

3. All records of written or oral communications, internal or external, concerning the development, implementation, consideration, or evaluation of the PAID Program, including without limitation any communications with or by any employer, business association, trade group, non-governmental person or entity, or any member of Congress or their staff.

4. All records, including emails, calendars, memoranda, analyses, or reports reflecting meetings or communications with, or records created by, any member of the USDOL's Chief Evaluation Office concerning the development, implementation, consideration, or evaluation of the PAID Program.

5. All communications, training materials, guidance, memoranda, emails, or other documents provided to USDOL staff regarding the PAID Program.

Please provide all responsive records from January 20, 2017, to the date the search is conducted. Your search for responsive records should include the Office of the Secretary, the Office of the Assistant Secretary for Policy, the Office of the Solicitor, the Wage and Hour Division, and the Office of Congressional and Intergovernmental Affairs.

Because this request seeks responsive records from a number of different components of the Department, we request that your response be coordinated by the Office of Information Services in the Office of the Solicitor. *See* 29 C.F.R. § 70.20(a).

Under the FOIA Improvement Act of 2016, agencies are required to adopt a presumption of openness, withholding information only if "disclosure is prohibited by law" or "disclosure would harm an interest protected by a FOIA exemption." 29 C.F.R. § 70.1(d); *see also* 29 C.F.R. § 70.3. If it is your position that any portion of the requested records is exempt from disclosure notwithstanding this mandatory presumption of openness, we request that you provide an index of those records as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). As you are aware, the Vaughn index should describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology of Washington, D.C. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).

**Fee Waiver Request:**

We request a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 29 C.F.R. § 70.41(a)(1). Disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government. The PAID Program has been the subject of extensive public attention since Secretary Acosta announced it on March 6, 2018,[1] and the Department has publicly characterized the program as benefiting workers, employers, and taxpayers.[2] Disclosure of the requested records will contribute to the public's understanding of this enforcement program, including whether it will in

---

[1] See, e.g., Lydia Wheeler, *Labor Department launches pilot program to allow businesses to self-report wage/hour violations*, The Hill, March 6, 2018, available at http://thehill.com/regulation/labor/377032-labor-department-launches-pilot-program-to-allow-businesses-to-self-report; Vin Gurrieri, *4 Questions About DOL's Self-Audit Plan For Wage Violations*, Law360, March 7, 2018, available at https://www.law360.com/articles/1019616/4-questions-about-dol-s-self-audit-plan-for-wage-violations, Ben Penn, *Labor Dept. Plan to Circumvent Wage-Hour Lawyers May Backfire*, Bloomberg Law, April 3, 2017, available at https://www.bna.com/labor-dept-plan-n57982090698/.

[2] Bryan Jarrett, *Dept. of Labor's new PAID program a win-win-win for employers, taxpayers, employees*, The Hill, March 6, 2018, available at http://thehill.com/opinion/white-house/376886-dept-of-labors-new-paid-program-a-win-win-for-employers-taxpayers.

3

fact benefit – and was designed to benefit – workers and employers alike, as the Department has asserted.

In addition, this request is for non-commercial purposes. *See* 5 U.S.C. § 552(a)(4)(A)(iii); 29 C.F.R. § 70.41(a)(1)(ii). The Office of the New York State Attorney General is a law enforcement agency with no commercial interest in the requested information. The Office of the Attorney General anticipates making records obtained from this request available to the public at no cost.

If this request for a fee waiver is denied, please contact us before incurring any costs in responding to this request. We request that your responses be fulfilled electronically. Thank you for your attention to this matter. If you have any questions or wish to clarify any request, please do not hesitate to contact Labor Bureau Deputy Chief Julie Ulmet at Julie.Ulmet@ag.ny.gov or 212-416-8681. We look forward to receiving your response to these requests within twenty business days, as required by FOIA.

Respectfully,

  /s/ Julie R. Ulmet
Julie R. Ulmet, Deputy Bureau Chief
Labor Bureau
New York State Office of the Attorney General
120 Broadway, 26th Floor
New York, NY 10271-0332
(212) 416-8681