# EXHIBIT D

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
LABOR BUREAU

April 11, 2018

*Via email (executivesecretariat@dol.gov)*
The Honorable R. Alexander Acosta
Secretary
United States Department of Labor
200 Constitution Avenue, NW
Washington, DC 20210

    Re:    **Payroll Audit Independent Determination (PAID) Program**

Dear Secretary Acosta:

    We write on behalf of the states of New York, California, Connecticut, Delaware, Illinois, Maryland, Massachusetts, New Jersey, Pennsylvania, Washington, and the District of Columbia to raise serious concerns that the Payroll Audit Independent Determination (PAID) Program announced by the United States Department of Labor encroaches on workers' rights under state labor laws. The PAID Program appears to be an amnesty program allowing employers who violate labor laws to avoid prosecution and penalties in exchange for simply paying the back wages their employees were already owed under federal law. The undersigned state attorneys general are particularly concerned that the Program may require workers receiving overdue, legally-owed wages to waive their rights to seek and obtain any and all additional remedies available under state and federal labor laws.

    The PAID Program releases employers from the obligation to pay liquidated damages, interest, or penalties. This is troubling on all counts. First, failure to include interest means that employers who commit wage theft are, in effect, getting an unlawful, interest-free loan from their employees – including from low-wage workers who rely on their hard-earned wages to pay for rent, groceries, and childcare. Second, failure to include liquidated damages removes an essential deterrent for employers not to break the law. Third, federal law provides that willful or repeated violations warrant the imposition of civil monetary penalties, but this Program leaves penalties out of the equation. Additionally, it appears that the PAID Program will not require employers to pay employees at any applicable higher state or local minimum wage or overtime wage rates, or to pay wages owed during longer state statute of limitations periods.

    We are also concerned that employers currently under investigation by state attorneys general or labor enforcement authorities may still participate in the PAID Program. We note that

the PAID Program materials provide that employers must "certify" that they "are not specifically aware of any recent complaints by your employees or their representatives . . . to a state wage enforcement agency asserting that the compensation practices at issue in this proposed PAID self-audit violate FLSA minimum wage and/or overtime requirements." However, the Program does not seem to account in any way for employers who do not have specific knowledge of employee complaints, but are, in fact, under investigation by a state or local labor enforcement agency. This suggests that such employers may participate in the PAID Program and obtain employee waivers for violations that state agencies are actively investigating.

More generally, it is unclear whether the releases required of any worker receiving unpaid wages under the PAID Program would purport to waive an employee's ability to recover back wages, damages, and other relief available under state or local law. While the Wage and Hour Division has recently posted an FAQ explaining that the Division cannot "supervise payments or provide releases" for state law violations, the Division's materials also inform employers that the "PAID program does not preclude an employer from separately settling claims as allowed under state law." This language invites employers to require employees, who may be unaware of their rights under more protective state labor laws, to sign separate state-law releases in order to receive their wages under the PAID Program. Because the Department will not supervise these state-claim settlements, there is a significant danger that employers will abuse the PAID Program to pressure employees to broadly waive their rights under state labor laws.

As you know, state and local laws often provide for higher wage rates than the FLSA, with longer statutes of limitation and greater availability of liquidated damages, interest, and penalties. The Fair Labor Standards Act "specifically mandates that state law, rather than federal law, applies where the state law provides for . . . a higher minimum wage." *Soler v. G & U, Inc.*, 768 F. Supp. 452, 462 n.16 (S.D.N.Y. 1991) (citing 29 U.S.C. § 218(a)). *Accord Estanislau v. Manchester Developers, LLC*, 316 F. Supp. 2d 104, 112 n.2 (D. Conn. 2004) ("To the extent that state law provides a greater remedy than the FLSA, [p]laintiff would not be precluded from recovering under it."). In fact, "every Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by . . . the FLSA." *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991).

In this context, it would be an improper federal overreach for the Department to attempt to permit employers, under the auspices of the PAID Program, to require employees to waive state law protections in exchange for the employer's payment of overdue wages. In many jurisdictions, such waivers would not be enforceable against state law enforcement entities, yet they would mislead employees into believing that they have no further legal recourse. Please be advised that we will continue to prosecute labor violations to the fullest extent of our authority, both civilly and criminally, regardless of whether employers have participated in the PAID Program. No worker should be required to waive wage theft protections in order to obtain only the partial relief your program is offering, and we intend to pursue every available option to ensure that workers' rights to fair pay and overtime are protected to the fullest possible extent.

Page 3

Respectfully submitted,

| | |
|---|---|
| *[signature]* | *[signature]* |
| ERIC T. SCHNEIDERMAN<br>New York Attorney General | XAVIER BECERRA<br>California Attorney General |
| *[signature]* | *[signature]* |
| GEORGE JEPSEN<br>Connecticut Attorney General | MATTHEW P. DENN<br>Delaware Attorney General |
| *[signature]* | *[signature]* |
| LISA MADIGAN<br>Illinois Attorney General | BRIAN E. FROSH<br>Maryland Attorney General |
| *[signature]* | *[signature]* |
| MAURA HEALEY<br>Massachusetts Attorney General | GURBIR S. GREWAL<br>New Jersey Attorney General |
| *[signature]* | *[signature]* |
| JOSH SHAPIRO<br>Pennsylvania | BOB FERGUSON<br>Washington Attorney General |

*[signature]*

KARL A. RACINE
District of Columbia