

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 2, 2018

Via ECF
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

      Re:    *State of New York v. United States Department of Labor*, No. 18 Civ. 7029 (PKC)

Dear Judge Castel:

      This Office represents Defendant United States Department of Labor ("DOL") in the above-referenced case brought by Plaintiff State of New York ("New York") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I write respectfully on behalf of both parties pursuant to the Court's order dated November 2, 2018 (Dkt. No. 12), in advance of the pre-trial conference scheduled for November 9, 2018, at 11:30 a.m.

      Because this is an action brought pursuant to FOIA, which in essence seeks review of agency action, we understand that pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and 26(f), this action is exempt from initial disclosures and the 26(f) conference and report. In addition, the parties understand that pursuant to Local Civil Rule 16.1, this FOIA action is exempt from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b). Accordingly, the parties respectfully suggest that the proposed case management plan called for in the Court's initial conference order is not necessary in this case because we expect that this matter, like most FOIA matters, will be resolved either through motions for summary judgment without discovery or through settlement. *See Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

      This is an action under FOIA, seeking the production of documents that Plaintiff requested from DOL in a FOIA request dated April 11, 2018 (the "Request"). DOL anticipates that, in processing any responsive records, it may invoke certain FOIA exemptions under 5 U.S.C. § 552(b), including exemption 6, which protects records for which disclosure could invade personal privacy; and exemption 5, which protects deliberative and otherwise privileged agency communications.

      There are no outstanding motions at this time. After any production of responsive records is completed, summary judgment motions concerning DOL's response to the Request and/or assertion of FOIA exemptions may be necessary to resolve the action if it is not resolved through settlement.

With respect to settlement discussions, the parties have conferred about DOL's search efforts and will continue to engage in discussions regarding any redactions and the production schedule. However, the parties currently disagree as to a timeline for DOJ's production of documents. Accordingly, the parties have set forth their positions regarding a production schedule below.

**DOL's Position**

Components within DOL to whom Plaintiff's FOIA request is directed are finalizing their search for records potentially responsive to the Request. To date, DOL has retrieved approximately 13,500 items of potentially responsive documents to review. After filtering out some of these items for responsiveness, DOL was able to reduce this number of items for review to approximately 4,700. The current tally of documents that each component is reviewing is as follows:

1. Office of the Solicitor ("SOL") – 425 items with one outstanding search.
2. Office of the Secretary ("OSEC") – 774 items with one outstanding search.
3. Wage and Hour Division ("WHD") – 775 items and 2,365 emails.

Based on resource constraints, DOL seeks a production schedule that will allow each of its components time to begin its review of items at a minimum rate of 250 items per month, and will produce any responsive and non-exempt items based on each month's review to Plaintiff in the subsequent month. This amount accounts for the fact that the term "item" encompasses documents that range from, for example, a one-page email to a multiple-page report. Accordingly, the number of pages each component will actually review, in any given month, is likely to exceed the total number of items it reviews during that month. It should be further noted that this rate of review, as to OSEC and WHD, includes reviewing each document for responsiveness in addition to reviewing it for any exemptions listed under FOIA.

This rate of review does not include a small number of documents that are being prepared for production by WHD and the Office of Congressional & Intergovernmental Affairs ("OCIA"). WHD and OCIA anticipate completing these respective productions by November 30, 2018.

The rate of review for the remaining 4,700 items is based on the availability of individuals at DOL, and their ability to review and produce documents as quickly as possible. With respect to OSEC, there is a new FOIA reviewer who has at least 72 other FOIA matters to review, in addition to his work on this case and in other FOIA litigation matters. With respect to WHD, there is an even newer employee conducting the FOIA review, who is still being trained, in addition to her review of approximately 300 outstanding FOIA matters. Finally, SOL's assigned individual, tasked with conducting the first-level review at SOL, is an attorney who has to attend to her other work matters in addition to the review in this case. Likewise, she will need to be trained on the document management software that SOL will use to complete its production.

Notably, after each component, completes its first-level review of documents, those documents must go through a several-step clearance process before they are cleared for

production. The rate of review proposed by DOL encompasses the first-level review. Any production completed in the subsequent month encompasses the several-step clearance process following the first-level review. For example, after the first level review, the reviewed documents must be cleared by each components' counsel. After that, there will need to be a second-level review by DOL FOIA counsel, who will coordinate the documents reviewed by each component and prepare them for production. Finally, the documents will then need to be cleared by each component's chief of staff, or equivalent authority.

Based on DOL's representations, this schedule will reasonably allow them to review and produce documents without compromising their work on other important cases, including other pending FOIA litigation. However, should the Court want DOL to revisit this production schedule, DOL is willing to re-assess its rate of review, in a few months, once its reviewers have been able to begin their review of documents and overcome any learning curves affecting their review process, including new employee and software training.

### New York's Position:

The production schedule of 250 documents per month proposed by DOL results in an estimated completion date of May, 2020, more than two years from the date of New York's FOIA request. New York's view is that this pace is unreasonable and inconsistent with the purpose and spirit of FOIA. Under FOIA, an agency must make records "promptly available," which "typically would mean within days or a few weeks of a 'determination,' not months or years." *Nat'l Day Laborer Org. Network v. United States Immigration & Customs Enforcement,* 236 F. Supp. 3d 810, 813-14 (S.D.N.Y. 2017) (citing *Citizens for Responsibility & Ethics in Wash. v. FEC,* 711 F.3d 180, 188 (D.C. Cir. 2013)). Accordingly, New York takes the position that DOL should review and produce the responsive and non-privileged documents within 60 days of the date of this letter. This would be more than nine months from the date of New York's FOIA request, which, in our view, is more than ample time to complete review.

The parties thank the Court for its consideration of this letter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:     /s/ Emily Bretz
EMILY E. BRETZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2777
E-mail: emily.bretz@usdoj.gov

cc: Mayur Saxena, counsel for Plaintiff (via ECF)